IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DERRICK MUCHISON** | : | **CIVIL ACTION** |
| | : | |
| v. | : | |
| | : | |
| **LOUIS MOLLY, et al.** | : | **NO. 17-3313** |

## MEMORANDUM

**PAPPERT, J.**                                                                                    **AUGUST 7, 2017**

Plaintiff Derrick Muchison filed a motion to proceed *in forma pauperis* and a pro se complaint based on a February 19, 2015 incident at a McDonald's restaurant leading to his arrest and conviction. For the following reasons, the Court will grant Muchison leave to proceed *in forma pauperis* and dismiss his complaint.

## I.

Muchison alleges in his complaint that:

> While throwing up inside McDonalds family restaurant false claims were made an threat of lose of life, while just being kicked out of hospital with server pneumonia a gun was put to the back of my head, drugged all around the McDonalds. And falsely arrested, an convicted, under color of law.

(Compl. at 3.) He attached a document entitled "confidentiality arbitration" to his complaint, which expands on there assertions. Muchison had pneumonia and was apparently vomiting inside the restaurant when a customer called him a racial epithet and threatened him. He alleges that the customer said he would call the police and tell them that Muchison had a knife. An officer ultimately arrived on the scene, pointed a gun at Muchison, allegedly assaulted him, and arrested him. Muchison told the officer that he was diabetic and was taken to Methodist Hospital even though he asked to be taken to a different hospital.

1

Muchison was charged in Philadelphia Municipal Court with several offenses related to the incident. After a trial on May 15, 2015, Judge Frank Brady found Muchison guilty of possession of an instrument of crime and simple assault, and not guilty of recklessly endangering another person. *See Commonwealth v. Muchison*, Docket No. MC-51-CR-0005274-2015 (Phila. Municipal Ct.). The government withdrew a charge for making terroristic threats. *Id.* Muchison appealed to the Philadelphia Court of Common Pleas but was found guilty after a trial before Judge Joan Brown. He was sentenced to five years of reporting probation and anger management classes.

Muchison filed this lawsuit against the judges who presided over his trials, the officer who arrested him, and others. He alleges that he was falsely arrested and convicted, based on false testimony, of crimes he did not commit. Among other things, Muchison seeks a million dollars in damages and "the forfeiture of McDonalds family restaurant for restitution, and prime storage company." (*Id*. at 4.)

## II.

The Court grants Muchison leave to proceed *in forma pauperis* because it appears that he is not capable of paying the fees to commence this civil action. 28 U.S.C. § 1915(e)(2)(B)(i) & (ii) require the Court to dismiss the complaint if it is frivolous or fails to state a claim. A complaint is frivolous if it "lacks an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and is legally baseless if it is "based on an indisputably meritless legal theory." *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995).

To survive dismissal for failure to state a claim, the complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "[M]ere conclusory statements[] do not
2

suffice." *Id.* The Court may also consider matters of public record. *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006). Additionally, the Court may dismiss claims based on an affirmative defense if the affirmative defense is obvious from the face of the complaint. *See Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006); *cf. Ball v. Famiglio*, 726 F.3d 448, 459 (3d Cir. 2013), *abrogated on other grounds by*, *Coleman v. Tollefson*, 135 S. Ct. 1759, 1763 (2015). As plaintiff is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

### III.

The Court construes the complaint to raise claims pursuant to 42 U.S.C. § 1983 for violations of Muchison's constitutional rights.[1] "[T]o recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]" *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (footnote and citation omitted). Muchison's convictions and sentence have not been reversed, expunged, or otherwise invalidated, and his damages claims are currently not cognizable under § 1983.[2]

---

[1] To the extent Muchison raises federal claims based on the Treaty of Peace & Friendship, the Alien Tort Claims Act, or any other basis, his claims are dismissed as legally frivolous. Any claims based on the publication of plaintiff's criminal dockets are also dismissed as legally frivolous.

[2] In any event, the judges Muchison sued are entitled to absolute judicial immunity. *See Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978). Any witnesses who testified are also entitled to absolute immunity from claims based on their testimony. *See Briscoe v. LaHue*, 460 U.S. 325, 345-46 (1983).

Although Muchison's false arrest and related false imprisonment claims may be cognizable, as are any excessive force claims that he alleges in connection with his arrest, those claims are time-barred by Pennsylvania's two-year limitations period. *See* 42 Pa. Cons. Stat. § 5524; *Wallace v. Kato*, 549 U.S. 384, 387 (2007). "[T]he statute of limitations upon a § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process." *Wallace*, 549 U.S. at 397. Here, according to the dockets from his criminal proceeding, plaintiff was arrested and arraigned in February of 2015. He did not file this lawsuit until July 24, 2017, approximately five months after the statute of limitations expired.[3]

**IV.**

The Court will dismiss Muchison's complaint. As a general matter, any effort to amend the complaint would be futile. Muchison will not be given leave to amend, with a possible exception as noted in the Court's attached Order, which shall be docketed separately.

*/s/ Gerald J. Pappert*

---

[3] To the extent Muchison asserts tort claims under state law, those claims are also untimely. *See* 42 Pa. Cons. Stat. § 5524.

4